UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL HOWARD DEARMAN AND NICOLE ANNIE DEARMAN** | **CASE NO. 6:24-CV-00235** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **VOLKSWAGEN GROUP OF AMERICA, INC.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Partial Motion to Dismiss Plaintiffs' Claims for Failure to State a Claim requesting that Plaintiffs' claim for treble damages be dismissed. (Rec. Doc. 4). While Plaintiffs filed a Memorandum in Opposition to the motion, Plaintiffs agree that treble damages are not recoverable in this action. (Rec. Doc. 9). This matter arises out of Plaintiffs' purchase of a 2023 Volkswagen Atlas. (Rec. Doc. 1). Plaintiffs Complaint pleads causes of action under the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301, *et seq*.) and redhibition pursuant to Louisiana Civil Code Article 2520, *et seq*. (*Id*.). In their prayer for relief, Plaintiffs request "[r]easonable attorney's fees and costs and the determination of which damages, if allowed by law shall be trebled…" (*Id.* at p. 7, ¶ b). The parties agree, and the Court finds, that treble damages are not recoverable under the MMWA unless they are recoverable under the governing state law, and

the governing state law in this action (Louisiana's redhibition law) does not provide for treble damages. (Rec. Docs. 4-1 & 9). Accordingly, considering the evidence, the law, and the arguments of the parties, to the extent Plaintiffs prayed for treble damages, the Court recommends that Defendant's motion be GRANTED.

## Conclusion

For the reasons discussed herein, it is recommended that Defendant's Partial Motion to Dismiss (Rec. Doc. 4) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of April, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE